# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

STEVEN BRAUNSTEIN,

    Plaintiff,

v.

MICHAEL P. VILLANI,

    Defendants.

Case No. 2:15-cv-00687-JAD-VCF

Order Screening Civil Rights Complaint, Granting in Part Pauper Application, Dismissing Case, and Denying All Pending Motions As Moot

[ECF 1, 3, 4, 5, 6, 8, 9, 10, 11, 12, 13]

    Plaintiff Steven Braunstein is a prisoner in the custody of the Nevada Department of Corrections (NDOC). He purports to bring a civil-rights action under 42 U.S.C. § 1983, and he sues a handful of Nevada state court judges, Nevada's current and former Attorney General, the State of Nevada and the Eighth Judicial District Court for conduct, procedures, and events that occurred during his January 2000 state-court sexual-assault prosecution.[1] Braunstein has applied to proceed *in forma pauperis*.[2] He has also filed a handful of motions requesting other relief.[3] I now screen his civil rights complaint under the Prisoner Litigation Reform Act (28 U.S.C. § 1915A); conclude that this lawsuit is barred by the *Rooker-Feldman* doctrine, which prevents a federal court from hearing a case that challenges a state-court conviction; dismiss and close this case because this court lacks subject-matter jurisdiction to consider it; and deny all pending motions as moot.

---

[1] ECF 15, 1-1.

[2] ECF 1.

[3] ECF 3, 4, 5, 6, 8-13.

**I.     The screening standard under the PLRA.**

When a prisoner sues a government entity, officer, or employee in federal court, the court must conduct a preliminary screening of the case under the Prisoner Litigation Reform Act (PLRA).[4] In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from relief.[5] In addition to the screening requirements under § 1915A, the PLRA requires a federal court to dismiss a prisoner's claim if he "fails to state a claim on which relief may be granted."[6]

Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him to relief.[7] When assessing the claim, the court takes as true all allegations of material fact stated in the complaint and construes them in the light most favorable to the plaintiff.[8] A reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth."[9] "While legal conclusions can provide the framework of a complaint, they must be supported with factual allegations."[10] "Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[11] The plaintiff must provide more than mere labels and conclusions, and a

---

[4] *See* 28 U.S.C. § 1915A(a).

[5] *See* 28 U.S.C. § 1915A(b)(1), (2).

[6] 28 U.S.C. § 1915(e)(2); *accord* FED. R. CIV. PROC. 12(b)(6).

[7] *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999).

[8] *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996).

[9] *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

[10] *Id.*

[11] *Id.*

formulaic recitation of the elements of a cause of action is insufficient.[12]

Although allegations of a pro se complainant are held to less stringent standards than formal pleadings drafted by lawyers,[13] all or part of a complaint filed by a prisoner may be dismissed *sua sponte*—or on the court's own initiative—if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist) and claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios).[14] If it is clear from the face of the complaint that any deficiencies could not be cured by amendment, leave to amend is not required.[15]

### II.  This case must be dismissed because this court lacks subject-matter jurisdiction to hear this improper, de facto appeal from plaintiff's 2000 state-court judgment of conviction.

In his amended complaint, plaintiff sues multiple defendants for events related to his conviction in state court.[16] He sues Judge Hardcastle, Judge Saitta, Judge Villani, Attorney General Catherine Masto, Attorney General Adam Laxalt, the State of Nevada, and the Eighth Judicial District Court for "abuse of process, proven harassment," and an "invalid conviction."[17] He seeks injunctive and declaratory relief "to void the judgment [of conviction] as unconstitutional."[18]

Plaintiff's allegations center entirely around his criminal conviction in state court. He alleges

---

[12] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[13] *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

[14] *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

[15] *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

[16] ECF 15 at 3–4.

[17] *Id*. at 20.

[18] *Id*. at 14, 20.

the state court erred in changing a jury instruction after the jury began its deliberations and it never put that change on the record. He claims there was an error made when he was convicted of two offenses when he only should have been convicted of the lesser offense. In effect, he seeks by this lawsuit to challenge his state-court conviction and the procedures that led to it, making this case a *de facto* appeal of plaintiff's January 2000 state-court conviction.

Unfortunately for plaintiff, the law prohibits federal courts from hearing these types of challenges. "It is a forbidden de facto appeal under [the] *Rooker-Feldman* [doctrine] when the plaintiff in federal district court complains of a legal wrong allegedly committed b the state court and seeks relief from the judgment of that court,"[19] as plaintiff does here. In *Noel v. Hall*, the Ninth Circuit explained this prohibition and a prisoner's available options for challenging the procedures employed during his state-court prosecution this way:

> A party disappointed by a decision of a state court may seek reversal of that decision by appealing to a higher state court. A party disappointed by a decision of the highest state court in which a decision may be had may seek reversal of that decision by appealing to the United States Supreme Court. In neither case may the disappointed party appeal to a federal district court, even if a federal question is present or if there is diversity of citizenship between the parties.[20]

It makes no difference that the plaintiff "frames his federal complaint as a constitutional challenge to the state court's decision rather than as a direct appeal of that decision."[21] When a convicted prisoner "asserts as his injury legal error or errors by the state court and seeks as his remedy relief from the state court judgment," the *Rooker-Feldman* doctrine bars his lawsuit and dictates it be dismissed for lack of subject-matter jurisdiction.[22] "Federal adjudication of this claim would

---

[19] *Noel v. Hall*, 341 F. 3d 1148, 1163 (9th Cir. 2003).

[20] *Noel*, 341 F.3d at 1155.

[21] *Cooper v. Ramos*, 704 F.3d 772, 781 (9th Cir. 2012) (quoting *Bianchi v. Rylaarsdam*, 334 F.3d 895, 900 n.4 (9th Cir. 2003)).

[22] *Cooper*, 704 F.3d at 781 (quoting *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1140 (9th Cir. 2004)).

impermissibly 'undercut the state ruling' on the same issues" and is therefore prohibited.[23]

Because plaintiff challenges by this lawsuit errors by the state court and he seeks to void his judgment of conviction, this lawsuit is squarely barred by the *Rooker-Feldman* doctrine. Accordingly, I dismiss this case with prejudice and without leave to amend because amendment would be futile. And because I am dismissing this case with prejudice and directing the clerk of court to enter judgment in favor of the defendants and close this case, I also deny all of the pending motions as moot.

### III. Plaintiff's *in forma pauperis* application is granted to allow plaintiff to pay the $350 filing fee incrementally.

Plaintiff has applied to prosecute this case with pauper status.[24] Based on his financial status, I find that he is not able to pay an initial installment payment towards the full filing fee under 28 U.S.C. § 1915 and grant his application for *in forma pauperis* status. Plaintiff will be required to make monthly payments towards the full $350 filing fee under 28 U.S.C. § 1915 when he has funds available. Plaintiff remains obligated to pay the entire $350 filing fee even though this case is being dismissed.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed *in forma pauperis* **[ECF 1] is GRANTED**. Plaintiff will **not** be required to pay an initial installment of the filing fee, but the full $350 filing fee must be paid under the terms of 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act. This full fee must be paid despite the fact that this case is being dismissed with prejudice.

To effectuate the payment of this full fee, IT IS FURTHER ORDERED under 28 U.S.C. § 1915, as amended by the Prisoner Litigation Reform Act, that the Nevada Department of Corrections must pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding

---

[23] *Id.* at 782 (quoting *Bianchi*, 334 F.3d at 898).

[24] ECF 1.

month's deposits to the account of **Steven S. Braunstein, #64697** (in months that the account exceeds $10.00) until the full $350 filing fee has been paid for this action.  **The Clerk of Court is directed to send a copy of this order to the attention of Albert G. Peralta, Chief of Inmate Services for the Nevada Department of Prisons**, P.O. Box 7011, Carson City, NV 89702.

IT IS FURTHER ORDERED that **this case is DISMISSED in its entirety** and with prejudice under the *Rooker-Feldman* doctrine, **and all pending motions are DENIED** as moot.  The Clerk of Court is directed to **enter judgment accordingly and close this case.**

This court certifies that any *in forma pauperis* appeal would **not** be taken "in good faith" as contemplated by 28 U.S.C. § 1915(a)(3).

DATED this 20th day of October, 2015.

_____
Jennifer Dorsey
United States District Judge