1

2

3

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

4

5

6

7

8

9

10

STEVEN BRAUNSTEIN,

             Plaintiff,

v.

MICHAEL P. VILLANI,

             Defendants.

Case No. 2:15-cv-00687-JAD-VCF

**Order Denying Motion for Reconsideration and Motion for Declaratory Order**

**[ECF 18, 19]**

11

12

13

14

15

16

17

18

Plaintiff Steven Braunstein is a prisoner in the custody of the Nevada Department of Corrections.  He purports to bring a civil-rights action under 42 U.S.C. § 1983, and he sued a handful of Nevada state court judges, Nevada's current and former Attorney General, the State of Nevada and the Eighth Judicial District Court for conduct, procedures, and events that occurred during his January 2000 state-court sexual-assault prosecution.[1]  In an October 20, 2015, order, I dismissed this case with prejudice because this suit is barred by the *Rooker-Feldman* doctrine, and that fatal defect cannot be cured by amendment.[2]  Plaintiff now asks for reconsideration and a declaratory judgment in his favor.[3]  I deny both motions.

19

**Discussion**

20

21

When a ruling has resulted in a final judgment or order, a motion for reconsideration may be construed either as a motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure

22

23

24

[1] ECF 15, 1-1.

25

[2] ECF 16.

26

27

[3] ECF 18, 19.  Plaintiff's motion for declaratory order, ECF 19, is essentially another motion for reconsideration.  It is captioned "Motion for Declaratory Order on Application of Reconsideration of Court's Order (Doc. 16)."  I treat this motion as one for reconsideration.

28

Page 1 of 4

59(e) or a motion for relief from judgment pursuant to Federal Rule 60(b).[4]  Under Fed. R. Civ. P.

60(b) the court may relieve a party from final judgment or order for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that, with reasonable diligence, could not have been discovered in time to move for new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Motions to reconsider are generally left to the discretion of the trial court.[5]  In order to

succeed on a motion to reconsider, a party must set forth facts or law of a strongly convincing nature

to induce the court to reverse its prior decision.[6]  Rule 59(e) of the Federal Rules of Civil Procedure

provides that any "motion to alter or amend a judgment shall be filed no more than 28 days after

entry of the judgment."  Furthermore, a motion under Fed. R. Civ. P. 59(e) "should not be granted,

absent highly unusual circumstances, unless the district court is presented with newly discovered

evidence, committed clear error, or if there is an intervening change in the controlling law."[7]  Federal

courts have determined that there are four grounds for granting a Rule 59(e) motion: (1) the motion

is necessary to correct manifest errors of law or fact upon which the judgment is based; (2) the

moving party presents newly discovered or previously unavailable evidence; (3) the motion is

necessary to prevent manifest injustice; or (4) there is an intervening change in controlling law.[8]

In this case, this court properly entered judgment dismissing this action in the order filed

---

[4] *School Dist. No. 1J Multonomah County v. AC & S, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993), *cert. denied* 512 U.S. 1236 (1994).

[5] *See Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987).

[6] *See Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F. Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds* 828 F.2d 514 (9th Cir. 1987).

[7] *Herbst v. Cook*, 260 F.3d 1039, 1044 (9th Cir. 2001) (*quoting McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999)).

[8] *Turner v. Burlington Northern Santa Fe R. Co.*, 338 F.3d 1058 (9th Cir. 2003).

1   October 20, 2015.[9]  The court properly reviewed and dismissed this action because plaintiff failed to

2   state a claim upon which relief could be granted as his claim was barred by the *Rooker-Feldman*

3   doctrine, which prevents a federal court from hearing a case that challenges a state-court

4   conviction.[10]  The court ruled that plaintiff sought to challenge his state-court conviction and the

5   procedures that led to it, making this case a *de facto* appeal of his January 2000 state-court

6   conviction.[11]

7         In his motion for reconsideration, plaintiff has not identified any mistake, intervening change

8   in controlling law, or other factor that would require vacating the judgment.  He has not shown that

9   manifest injustice resulted from dismissal of this action.  And he has not presented any newly

10  discovered or previously unavailable evidence.  Plaintiff's main contention in his motion for

11  reconsideration is that he is seeking "prospective relief" from unconstitutional actions that occurred

12  during his state-court trial and therefore his claim is not barred.[12]  In his amended complaint, plaintiff

13  moved "for an injunction or declaratory order to void the judgment as unconstitutional."[13]  This is

14  precisely the type of action barred by *Rooker-Feldman*: plaintiff is asserting errors by the state court

15  and seeks as his remedy relief from the state court judgment.  Plaintiff's allegations are plainly

16  "inextricably intertwined" with the state court's decision such that adjudication of the federal claims

17  would require the court to interpret the application of state laws or procedural rules.[14]  The court does

18  not have subject matter to hear plaintiff's claims, and he has failed to made an adequate showing

19  under either Rule 59(e) or Rule 60(b) to justify granting his motions for reconsideration or otherwise

20  altering my prior decision.

21

22         [9] ECF No. 16.

23         [10] *See Noel v. Hall*, 341 F.3d 1148, 1163 (9th Cir. 2003).

24         [11] ECF No. 16 at 4.

25         [12] ECF No. 18 at 2.

26         [13] ECF No. 15 at 14.

27         [14] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

28                                        Page 3 of 4

**Conclusion**

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration **(ECF No. 18)** and Motion for Declaratory Order **(ECF No. 19) are DENIED**.  Any further request for relief in this case should be addressed by appeal.

DATED this 5th day of November, 2015.

_____
Jennifer Dorsey
United States District Judge